[Cite as *State v. Rose*, 2012-Ohio-5957.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-03-050 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 12/17/2012 |
| - vs - | : | |
| | : | |
| JERRY ROSE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR07-07-1192


Blake P. Somers, 114 East Eighth Street, Cincinnati, Ohio 45202, for plaintiff-appellee

Rion, Rion & Rion, L.P.A., Inc., Jon Paul Rion, 130 West Second Street, Suite 2150, Dayton, Ohio 45402, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Jerry Rose, appeals the denial of his postconviction request for a restitution and resentencing hearing. We affirm the trial court as Rose did not meet the procedural requirements for postconviction relief and his issues were either previously raised or could have been raised.

{¶ 2} Rose pled guilty in the Butler County Common Pleas Court in 2007 to three felonies in connection with a fraudulent investment operation. Several months later, as part

of Rose's sentencing, the trial court imposed an order of restitution. The amount of restitution – approximately $17.7 million – was determined with the assistance of a court-appointed receiver, who was reportedly using financial records provided by Rose.

{¶ 3} Rose appealed his conviction, but his direct appeal was denied. Subsequent postconviction motions were also unsuccessful. Rose next moved for a restitution and resentencing hearing. The trial court denied the motion, finding it barred by res judicata. Rose appeals that determination, presenting a single assignment of error for our review:

{¶ 4} THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A RESTITUTION AND RESENTENCING HEARING[.]

{¶ 5} Under his assignment of error, Rose argues that: he is entitled to be resentenced because his sentence was based on his investor-victims' financial losses, which, he claims, were later proven false; he is entitled to a restitution hearing under R.C. 2929.18; and res judicata is not applicable because his claims are based on new evidence from reports issued by the court-appointed receiver after the restitution order was made.

{¶ 6} Rose claims that reports from the court-appointed receiver generated after the sentencing hearing indicate the actual net loss for the investor-victims may be roughly half the amount of the $17.7 million restitution order. Rose argues the trial court was likely influenced by the erroneous claims of the victims, resulting in a lengthy prison sentence, and he is entitled to be resentenced after a restitution hearing is held.

{¶ 7} According to the record, Rose raised the argument that error was occasioned when victim-investors inflated their losses in his December 2009 "Motion to Vacate Plea; Motion to Vacate Sentence; Alternatively, Petition for Post Conviction Relief." The trial court denied the motion, finding that the "claimed discrepancies did not amount to 'new evidence' in the case." Rose appealed. *See State v. Rose*, 12th Dist. No. CA2010-03-059, 2010-Ohio-5669.

{¶ 8} In case number CA2010-03-059 this court rejected Rose's claims both for his motion to vacate his plea and his postconviction petition.

{¶ 9} This court found that the information regarding the investors' losses did not qualify as newly discovered evidence for purposes of a Crim.R. 32.1 motion to withdraw his plea. This court also found that Rose was not unavoidably prevented from discovering those facts for his successive petition for postconviction relief.

{¶ 10} Specifically, this court stated that, "[h]aving provided the financial records associated with the criminal scheme to the receiver, appellant [Rose] has not established he was unavoidably prevented from discovering the records. Appellant was in the best position to know the financial records relevant to the case." *Id.* at ¶ 26.

{¶ 11} In the instant appeal, Rose again raises the argument that error occurred when the investors made false claims about their losses. This time, Rose raises the argument within the context of restitution and resentencing.

{¶ 12} The financial sanctions section of the applicable version of R.C. 2929.18 states, in part, that a trial court may order the offender to pay restitution to the victim of the offender's crime in an amount based on the victim's economic loss. If the court imposes restitution as part of its sentence, it shall determine the amount of restitution to be paid by the offender, and may base the amount of restitution on an amount recommended by the victim, the offender, a presentence investigation report, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. R.C. 2929.18.

{¶ 13} If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. R.C. 2929.18.

{¶ 14} Where a criminal defendant, subsequent to his direct appeal, files a motion

seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21. *State v. Reynolds*, 79 Ohio St. 3d 158 (1997), syllabus.

{¶ 15} The remedy set forth in R.C. 2953.21 is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case. *State v. Bush*, 96 Ohio St. 3d 235, 238, 2002-Ohio-3993.

{¶ 16} A petition for postconviction relief, however, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

{¶ 17} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition or a second or successive petition unless the petitioner initially demonstrates either he was unavoidably prevented from discovering facts necessary for the claim for relief, or the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. If the petitioner was able to satisfy one of those two conditions, R.C. 2953.23(A) requires he also must demonstrate that but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses for which he was convicted.

{¶ 18} As previously stated by the trial court and this court, Rose was aware of the information contained in the financial records he provided to the receiver before restitution was ordered. Rose's petition does not fall within the parameters outlined in R.C. 2953.23(A). Accordingly, the trial court lacked jurisdiction to consider his petition for postconviction relief.

{¶ 19} In addition, the other significant restriction on Ohio's statutory procedure for postconviction relief is the doctrine of res judicata. *State v. Rutledge*, 10th Dist. No. 11AP-853, 2012-Ohio-2036, ¶ 12.

{¶ 20} Under res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, (1967), paragraph nine of the syllabus; *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). Res judicata implicitly bars a petitioner from "re-packaging" evidence or issues which either were or could have been raised in trial or direct appeal. *Rutledge* at ¶ 12.

{¶ 21} To overcome the res judicata bar, evidence offered dehors or outside the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record. *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995).

{¶ 22} As previously noted, the evidence presented to determine restitution was provided by Rose to the receiver and the claims upon which the trial court relied to determine restitution were made part of the record. Rose's assertions about the investors-victims' claimed losses and the restitution order are barred by res judicata, and, hence, the trial court did not err in failing to hold a hearing. *Lawson*; *see State v. Mason*, 10th Dist. Nos. 12AP-120, 12AP-121, 2012-Ohio-4510.

{¶ 23} Accordingly, we find that res judicata and the lack of jurisdiction to consider Rose's postconviction petition bars his requested relief. Rose is not entitled to a resentencing hearing, and his single assignment of error is overruled.

{¶ 24} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.