[Cite as *State v. Bayless*, 2014-Ohio-2475.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2013-10-020 |
| Plaintiff-Appellee, | : | CA2013-10-021 |
| | : | O P I N I O N |
| - vs - | | 6/9/2014 |
| | : | |
| JOSHUA BAYLESS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2012-5215


Richard W. Moyer, Clinton County Prosecuting Attorney, Matthew M. Suellentrop, 103 East Main Street, Wilmington, Ohio 45177, for plaintiff-appellee

Jay A. Adams, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Joshua Bayless, appeals from the decision of the Clinton County Court of Common Pleas dismissing his petition for postconviction relief after a jury found him guilty of illegal assembly or possession of chemicals for the manufacture of drugs. For the reasons outlined below, we affirm.

{¶ 2} On June 26, 2012, a Clinton County grand jury returned an indictment charging Bayless with one count of illegal assembly or possession of chemicals for the manufacture of

drugs in violation of R.C. 2925.041(A), a third-degree felony. Bayless pled not guilty to the charge. However, following a two-day jury trial, Bayless was found guilty and a sentencing hearing was scheduled. Prior to the trial court holding the sentencing hearing, Bayless' original trial counsel withdrew and new counsel was appointed to represent Bayless.

{¶ 3} On February 7, 2013, Bayless, through his newly appointed trial counsel, filed a sentencing memorandum requesting the trial court sentence him to either community control or a non-mandatory prison term. The state, however, argued Bayless was subject to a mandatory five-year prison sentence under R.C. 2925.041(C)(1) due to his two prior convictions on felony drug abuse offenses. Bayless also claimed that his original trial counsel was ineffective for allegedly failing to inform him of any plea offers or that he was subject to a mandatory five-year prison sentence should he be found guilty. After holding a hearing on the matter, and due to his two prior convictions for felony drug abuse offenses, the trial court overruled Bayless' motion and sentenced him to the mandatory five-year prison term pursuant to R.C. 2925.041(C)(1).

{¶ 4} Bayless did not appeal the trial court's decision, nor did he request leave to file a delayed appeal. Rather, on September 13, 2013, nearly seven months after being sentenced, Bayless filed a petition for postconviction relief. As part of this petition, Bayless reiterated the same arguments contained in his sentencing memorandum regarding the alleged ineffective assistance of his original trial counsel. The trial court dismissed Bayless' petition finding his claims were barred by the doctrine of res judicata.

{¶ 5} Bayless now appeals from the trial court's decision denying his petition for postconviction relief, raising a single assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF UNDER THE DOCTRINE OF RES JUDICATA.

{¶ 7} In his single assignment of error, Bayless argues the trial court erred by finding

- 2 -

his petition for postconviction relief was barred by the doctrine of res judicata. We disagree.

{¶ 8} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8; *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore,* 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34; *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 9} "It is well-established that a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30; *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 21. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10, quoting *State v. Franklin*, 12th Dist. Butler No. CA2002-07-183, 2003-Ohio-1770, ¶ 11.

{¶ 10} To that end, "[r]es judicata is a proper basis for dismissing a defendant's petition for postconviction relief when the defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly

have been determined without resort to evidence outside the record." *State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 14, quoting *Wagers*, 2012-Ohio-2258 at ¶ 10. However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18.

{¶ 11} Here, Bayless claims the trial court erred by finding his petition for postconviction relief was barred by the doctrine of res judicata because it is "alleging substantial facts that are located outside the record which bear a significant role in the case at the trial court level." Bayless' claim, however, deals exclusively with his trial counsel's alleged ineffective assistance in failing to inform him of any plea deals offered by the state prior to trial and by failing to advise him that he was subject to a mandatory five-year prison term as required by R.C. 2925.041(C)(1). Although raising these same arguments as part of his sentencing memoranda, Bayless never filed a direct appeal, nor did he request leave to file a delayed appeal from the trial court's sentencing decision. As this information was clearly in existence and readily available to him, any claim that his trial counsel was ineffective could have, and should have, been raised on direct appeal. The trial court, therefore, properly determined that the doctrine of res judicata applied, thereby effectively barring Bayless' claims for relief advanced as part of his postconviction petition. Accordingly, because we find no error in the trial court's decision dismissing Bayless' petition, Bayless' single assignment of error is overruled.

{¶ 12} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.