[Cite as *State v. Statzer*, 2018-Ohio-363.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2017-02-022 |
| | : | O P I N I O N |
| - vs - | | 1/29/2018 |
| | : | |
| RALPH STATZER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-05-0807


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Repper-Pagan Law, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1}   Ralph Statzer, Jr. appeals the decision of the Butler County Common Pleas Court denying his petition for postconviction relief.  For the reasons discussed below, this court affirms the lower court's decision.

{¶ 2}   In 2014, a Butler County grand jury indicted Statzer for multiple counts of rape. The indictments stemmed from allegations that Statzer sexually abused a minor family

member. The victim testified at a bench trial and the court found Statzer guilty. Statzer appealed.

{¶ 3} Among other assignments of error on appeal, Statzer argued that his trial counsel provided ineffective assistance of counsel ("IAC") by failing to (1) effectively cross-examine the victim concerning an allegation that the victim falsely accused another man – Richard Keith – of rape, (2) challenge the constitutionality of the rape shield law as applied to Statzer, and (3) cross-examine the victim with respect to the affidavit of Shina Eckman, which averred that the victim's mother pressured the victim into falsely accusing Statzer of rape.[1]

{¶ 4} While his appeal was pending in this court, Statzer petitioned the trial court for postconviction relief. The grounds for relief in the petition were substantively identical to those in Statzer's IAC claims on appeal.[2] Statzer supported the petition with the affidavit of his appellate counsel. In the affidavit, appellate counsel described each claimed instance of IAC and offered a legal opinion that IAC occurred at the trial.

{¶ 5} In opposition, the state moved for summary judgment pursuant to R.C. 2953.21(E). The state argued that res judicata barred the petition because Statzer could have and did raise the petition's claims in his ongoing appeal. The state further argued that appellate counsel's affidavit did not constitute relevant evidence outside the appellate record.

{¶ 6} In response, Statzer filed the affidavit of his private investigator. The private investigator averred that she located Keith, that Keith stated that the victim falsely accused Keith of rape, and that Keith would sign an affidavit saying so "if approved by his attorney." Statzer also attached the affidavit of the office manager at Statzer's attorney's office. The

---

1. Keith is the victim's mother's ex-husband. Eckman is Keith's niece.

2. As set forth in Statzer's petition, the grounds for relief were 1) his trial counsel failed to develop evidence at the rape-shield hearing to permit the effective cross-examination of the victim; 2) his trial counsel failed to challenge the constitutionality of the rape-shield bar to permit the effective cross-examination of the victim; and 3) his trial counsel failed to impeach the victim – intrinsically and extrinsically – with a prior inconsistent statement that she had lied in Statzer's case due to pressure from her mother.

officer manager averred that Keith's attorney relayed that he advised Keith against executing an affidavit. Simultaneously, Statzer filed, under seal, a redacted copy of an Ohio Department of Job and Family Services report concerning the allegations that the victim made against Keith. Finally, Statzer attached the affidavit of Shina Eckman.

{¶ 7} In October 2016, this court affirmed Statzer's convictions and overruled his assignment of error alleging IAC. This court concluded that Statzer's counsel did not provide deficient representation in any respect. *See State v. Statzer*, 12th Dist. Butler No. CA2015-08-148, 2016-Ohio-7434, appeal not accepted, 149 Ohio St. 3d 1464, 2017-Ohio-5699.

{¶ 8} In February 2017, the trial court issued a decision dismissing Statzer's petition without a hearing. The court found that Statzer's claims were barred by res judicata because they were or could have been raised in his direct appeal. The court further found that Statzer failed to support his petition with relevant evidence outside the appellate record and that the affidavits he submitted were based on hearsay. Statzer appeals the court's decision, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE POSTCONVICTION COURT ERRED BY DISMISSING THE PETITION UNDER RES JUDICATA.

{¶ 11} In his first assignment of error, Statzer argues that the court erred in dismissing the petition without holding a hearing because the supporting evidentiary materials contained facts outside the appellate record. Specifically, Statzer argues that allegations that the victim lied concerning claims of sexual abuse by Keith were not in the record.

{¶ 12} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Initial petitions for postconviction relief are governed by R.C.

2953.21, which provides three methods for adjudicating the petition. *State v. Chamberlain*, 12th Dist. Brown No. CA2015-03-008, 2015-Ohio-2987, ¶ 5. When a criminal defendant challenges his conviction through a postconviction relief petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing, (2) grant summary judgment on the petition to either party who moved for summary judgment, or (3) hold an evidentiary hearing on the issues raised by the petition. R.C. 2953.21(D) thru (F).

{¶ 13} "An evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief." *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10. Rather, as noted by the Ohio Supreme Court, "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus (construing R.C. 2953.21[C], which the General Assembly re-designated R.C. 2953.21[D]. *See* 2015 Am.Sub.S.B. No. 139).

{¶ 14} A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing pursuant to R.C. 2953.21(D) will not be reversed absent an abuse of discretion. *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34. A decision is unreasonable when it is unsupported by a sound reasoning process. *State v. Roome*, 12th Dist. Madison No. CA2016-09-028, 2017-Ohio-4230, ¶ 8.

{¶ 15} A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. *State v. Perry*, 10

Ohio St. 2d 175, 180 (1967). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Id.* at paragraph nine of the syllabus. Res judicata bars a petitioner from "re-packaging" evidence or issues that were or could have been raised in trial or direct appeal. *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20.

{¶ 16} The presentation of competent, relevant, and material evidence outside the trial record may defeat the application of res judicata. *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995). Where a petitioner argues IAC through a postconviction relief motion, the petitioner can avoid the bar of res judicata by submitting evidence outside the record on appeal that demonstrates that the petitioner could not have raised the claim based on information in the original record. *Id.* "'Evidence presented outside the record must meet some threshold standard of cogency; otherwise'" a defendant could overcome res judicata "'by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *Id.*, quoting *State v. Coleman*, 1st. Dist. Hamilton No. C-900811, 1993 Ohio App.LEXIS 1485, *21 (Mar. 17, 1993).

{¶ 17} This court concludes that Statzer's postconviction relief claims were barred by res judicata and that Statzer did not support his petition with competent, relevant, and material evidence outside the record on appeal. The IAC claims Statzer raised in his petition could have been or were raised and addressed by this court in Statzer's direct appeal. Accordingly, those claims are res judicata and Statzer was precluded from re-litigating those claims in the context of his petition for postconviction relief. Statzer disputes that the IAC

claims raised in his petition are the same as those raised in his direct appeal. In his reply brief, he argues that the IAC claims in postconviction are for "failing to elicit known impeachment evidence." However, the IAC claims on direct appeal concerning the rape shield hearing and the Eckman affidavit were both premised on trial counsel's purported failure to impeach the victim's credibility concerning allegations that she falsely accused Keith and Statzer of rape. Accordingly, Statzer is simply "re-packaging" the same argument he raised on direct appeal. Moreover, if the impeachment evidence was "known," as Statzer concedes, then the argument could have been raised on direct appeal and is therefore barred by res judicata.

{¶ 18} Statzer also contends that he supported his petition with evidence outside the appellate record. Specifically, he claims that this court rejected his IAC claims on direct appeal because trial counsel failed to develop evidence concerning Keith and "the fact that [the victim] lied was dehors the trial record." However, the victim's statement concerning Keith was, as noted by the lower court, "extensively explored" at trial. As this court discussed in appellant's direct appeal, trial counsel cross-examined the victim regarding her statement that she was "not raped" by Keith and the victim explained that she did not understand the legal definition of rape when making the statement, i.e., she alleged sexual abuse, which she did not understand to be rape. *Statzer*, 2016-Ohio-7434 at ¶ 12.

{¶ 19} Moreover, the documentary evidence Statzer submitted in support of his petition did not contain material, relevant facts establishing grounds for postconviction relief. Appellate counsel's affidavit summarized the claimed instances of IAC occurring at the trial, which appellate counsel was obviously aware of during the direct appeal and were in fact litigated during that appeal. The affidavit of Statzer's private investigator alleged that trial counsel failed to secure Keith's testimony at trial. This claimed issue was known and could have been raised on direct appeal. Other facts raised in the private investigator's affidavit,

e.g., that Keith told the private investigator that the victim lied, or that the allegations arose during an unrelated custody dispute are marginal and insignificant. The office manager's affidavit alleged that Keith would not provide a sworn affidavit, which is also an insignificant fact.

{¶ 20} The affidavit of Shina Eckman does not constitute evidence outside the appellate record. Statzer filed the affidavit before trial and his trial counsel used it in cross-examining the victim. This court addressed and rejected Statzer's IAC claim concerning the Eckman affidavit and the alleged failure to secure Eckman's testimony. *Statzer* at ¶ 22-26.

{¶ 21} Finally, the redacted Job and Family Services report does not set forth relevant evidence outside the appellate record. The report summarizes that the victim alleged that Keith molested her multiple times. However, Keith retained counsel and would not provide a statement to police. The police did not have sufficient evidence with which to proceed against Keith and closed their investigation. This evidence is both insignificant and unhelpful to Statzer's IAC claims.

{¶ 22} Consequently, this court finds that the trial court did not abuse its discretion in declining to hold an evidentiary hearing and properly dismissed Statzer's petition for postconviction relief on the basis of res judicata. Statzer's postconviction relief claims were raised and litigated in his direct appeal. Moreover, he failed to support his petition with competent, material, and relevant evidence outside the appellate record. Accordingly, appellant's first assignment of error is overruled.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THE POSTCONVICTION COURT ERRED BY DISMISSING THE PETITION AS BASED UPON HEARSAY.

{¶ 25} In his second assignment of error, Statzer argues that the court erred to the extent it dismissed his petition on the basis that the evidence he submitted contained

hearsay.  Given this court's resolution of Statzer's first assignment of error, this assignment of error is moot and need not be addressed.  *See* App.R. 12(A)(1)(c).

**{¶ 26}**   Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.