[Cite as *State v. West*, 2019-Ohio-4826.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-09-183 |
| - vs - | : | O P I N I O N<br>11/25/2019 |
| | : | |
| WILLIAM TROY WEST, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-03-0497

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rion, Rion & Rion, L.P.A., Inc., Jon Paul Rion, Jason D. Norwood, 130 W. Second Street, Suite 2150, Dayton, Ohio 45402, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, William Troy West, appeals the decision of the Butler County Court of Common Pleas denying his petition for postconviction relief. For the reasons detailed below, we affirm.

{¶ 2} On May 7, 2015, West and codefendant, Catherina Schaper, entered guilty pleas on a bill of information to one count of the sale of an unregistered security in violation

of R.C. 1707.44(C)(1) and one count of fraudulent acts or practices in the sale of securities in violation of R.C. 1707.44(G), both felonies of the second degree. West, Schaper, and their company, North Shore Energy, LLC, were represented at the plea and sentencing by the same defense attorney.

{¶ 3} The charges stemmed from West and Schaper's sale of unregistered promissory notes from December 1, 2010 through September 10, 2011 in Butler County to 16 investor-victims to raise money for North Shore Energy for the alleged purpose of drilling oil wells in Texas. During the plea hearing, the state explained that West and Schaper failed to disclose to the investors that, at the time of the sales, North Shore Energy was in litigation involving the lease rights to Texas land where the company was drilling. The amount of fraudulent sales totaled more than $2.2 million, the vast majority of which was not returned to the investors. The state further explained that, had the state indicted on all sales, West and Schaper would have each faced 36 counts including several first-degree felonies.

{¶ 4} The plea agreement provided that sentencing would be delayed to allow West and Schaper to pursue legitimate efforts to raise restitution. Nearly two years later, West had not paid any restitution and the trial court set the matter for sentencing.

{¶ 5} At the June 5, 2017 sentencing hearing, the trial court sentenced West to two concurrent six-year prison terms and ordered him to make the outstanding restitution amount. West appealed, raising two assignments of error. First, West claimed he was adversely affected at sentencing by his attorney's joint representation of him and Schaper, as his attorney was not able to argue that he was less culpable than Schaper at the sentencing hearing. Second, West argued the trial court violated his constitutional rights when it sentenced him to prison based on his inability to pay full restitution. This court overruled West's assignments of error and affirmed the trial court's decision. *State v. West*, 12th Dist. Butler No. CA2017-07-091, 2018-Ohio-640, ¶ 48. The Ohio Supreme Court declined review.

*02/06/2019 Case Announcements*, 2018-Ohio-2380.

{¶ 6}   Subsequently, this court denied West's pro se motions to reopen his appeal and to certify a conflict and the Ohio Supreme Court declined review.  *State v. West*, Butler No. CA2017-07-091 (Oct. 2, 2018) (Entry Denying Application to Reopen Appeal); *02/06/2019 Case Announcements*, 2019-Ohio-345.

{¶ 7}   On July 5, 2018, West petitioned the trial court for postconviction relief.  In his petition, West raised two claims of ineffective assistance of counsel.  First, West claims his trial counsel failed to thoroughly investigate his defenses to fraud.  Second, because of the joint representation, West argued that his defense attorney failed to negotiate a more favorable plea bargain for him "despite his lessened culpability."

{¶ 8}   The trial court dismissed West's petition on the basis of res judicata.  West now appeals, raising three assignments of error for review.

{¶ 9}   Assignment of Error No. 1:

{¶ 10} THE DOCTRINE OF RES JUDICATA DOES NOT BAR POST-CONVICTION CLAIMS THAT ARE SUPPORTED BY EVIDENCE THAT IS OUTSIDE THE DIRECT APPEAL RECORD.

{¶ 11} Assignment of Error No. 2:

{¶ 12} APPELLANT'S POST-CONVICTION MOTION WAS NOT FILED OUT OF TIME--THE TRIAL COURT WAS NOT DIVESTED OF JURISDICTION TO CONSIDER THE MOTION ON THE MERITS.

{¶ 13} Assignment of Error No. 3:

{¶ 14} WHEN A POST-CONVICTION PETITION ASSERTS VALID CLAIMS OF CONSTITUTIONAL VIOLATIONS AND SUPPORTS THOSE CLAIMS BY ATTACHING UNCONTROVERTED EVIDENCE DEHORS THE RECORD, THE COURT MUST GRANT RELIEF OR, AT A MINIMUM, HOLD A HEARING ON THE CLAIMS.

{¶ 15} As an initial matter, West claims the trial court denied his petition of postconviction relief based on timeliness. However, we conclude the trial court's final judgment entry, though it discusses the issue of timeliness, entered its ruling based on the doctrine of res judicata. As a result, we will address the substance of West's claims. For ease of discussion, we will address West's assignments of error together.

{¶ 16} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8. Initial petitions for postconviction relief are governed by R.C. 2953.21, which provides three methods for adjudicating the petition. *State v. Chamberlain*, 12th Dist. Brown No. CA2015-03-008, 2015-Ohio-2987, ¶ 5. When a criminal defendant challenges his conviction through a postconviction relief petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing, (2) grant summary judgment on the petition to either party who moved for summary judgment, or (3) hold an evidentiary hearing on the issues raised by the petition. R.C. 2953.21(D) thru (F). *Id.*

{¶ 17} A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing pursuant to R.C. 2953.21(D) will not be reversed absent an abuse of discretion. *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34.

{¶ 18} In the present case, West filed an affidavit in support of his petition for postconviction relief. As noted above, West advanced two reasons why he is entitled to relief. First, West argues that his trial counsel failed to conduct a thorough investigation regarding defenses to his fraudulent actions. Second, because his trial counsel was jointly

representing his codefendant, West argues that his defense attorney failed to negotiate a more favorable plea bargain for him "despite his lessened culpability."

{¶ 19} Following review, we find the trial court did not err by denying West's petition for postconviction relief without a hearing. West did not support his petition with competent, relevant, and material evidence outside the record and his petition for postconviction relief is barred by res judicata.

{¶ 20} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20. Res judicata bars a petitioner from "re-packaging" evidence or issues that were or could have been raised in trial or direct appeal. *Id.*

{¶ 21} The presentation of competent, relevant, and material evidence outside the trial record may defeat the application of res judicata. *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 16. Where a petitioner argues ineffective assistance of counsel through a postconviction relief motion, the petitioner can avoid the bar of res judicata by submitting evidence outside the record on appeal that demonstrates that the petitioner could not have raised the claim based on information in the original record. *Id.*

{¶ 22} As to his first argument, West maintains that the money raised from Ohio investors was not obtained through any fraudulent practice. Rather, West alleges that the investors were accurately told that their money was being raised to fund new oil well ventures and that his proposal was based upon scientific research demonstrating the likelihood that oil and gas reserves would be found. West claims that the losses sustained by investors were a

direct result of the related oil wells being found to be "dry wells," despite scientific evidence predicting otherwise.

{¶ 23} However, any claim that West was prejudiced by his trial counsel's failure to adequately investigate the case could have and should have been brought during his direct appeal. West does not identify any new evidence or any reason why his claims regarding trial counsel's ineffectiveness could not have been raised on direct appeal. Furthermore, as correctly found by the trial court, West's claims are directly contradicted by the record. During the plea colloquy, the state recited the facts giving rise to the guilty plea. The transcript shows that the fraud charge, which West claims could not be proven, was not based on dry oil wells, but rather that he and his codefendant failed to disclose to the investors that, at the time of the sales, North Shore Energy was in litigation involving the lease rights to Texas land where the company was drilling. West then affirmatively stated on the record that the state provided an accurate statement of what happened.

{¶ 24} We similarly find that West's second argument with respect to his defense attorney's joint representation is without merit. In his direct appeal, this court found that there was no actual conflict of interest in West's defense counsel's joint representation. *West*, 2018-Ohio-2380 at ¶ 28-33. Furthermore, this court rejected West's argument that he received ineffective assistance of counsel when his trial counsel failed to pursue the alternative strategy "that he was less culpable than [his codefendant] for the wrongdoing." *Id.* Those issues were addressed in his prior appeal. *Id.*

{¶ 25} We note that West raised one issue that this court declined to address in his direct appeal, as it violated the well-established rule against raising new arguments or issues in a reply brief. *Id.* at ¶ 23, fn. 4. To the extent that West may argue that this court did not address that issue in his direct appeal, we again note that res judicata bars both the "re-packaging" of arguments already made, as well as arguments that could have been made in

a direct appeal. *Rose*, 2012-Ohio-5957 at ¶ 20. As a result, the trial court correctly determined that West's arguments were barred by res judicata. Therefore, we find the trial court did not err by denying West's petition for postconviction relief without a hearing. West's three assignments of error are overruled.

**{¶ 26}** Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.