[Cite as *State v. Harding*, 2020-Ohio-1067.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|                          |   |                         |
|--------------------------|---|-------------------------|
| STATE OF OHIO,           | : |                         |
| Appellee,                | : | CASE NO. CA2019-05-012  |
|                          | : | O P I N I O N           |
| - vs -                   |   | 3/23/2020               |
|                          | : |                         |
| KELLY L. HARDING,        | : |                         |
| Appellant.               | : |                         |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20160016

Stephen J. Pronai, Madison County Prosecuting Attorney, Michael S. Klamo, Nicholas A. Adkins, 59 North Main Street, London, Ohio 43140, for appellee

Koenig & Owen, LLC, Charles A. Koenig, 5354 North High Street, Columbus, Ohio 43214, for appellant

**PIPER, J.**

{¶ 1} Appellant, Kelly Harding, appeals a decision of the Madison County Court of Common Pleas denying his petition for postconviction relief.

{¶ 2} Ohio State Highway Patrol troopers performed a traffic stop of a car driven by Harding and located 123 pounds of marijuana therein. Harding was convicted of possession of drugs and criminal tools and sentenced to eight years in prison. Harding filed

a direct appeal of his convictions and raised four assignments of error. He challenged the denial of his motion to suppress and his sentence. He also argued his convictions were not supported by the evidence and that he did not receive effective assistance of counsel. This court affirmed Harding's convictions and sentence. *State v. Harding*, 12th District Madison No. CA2016-11-029, 2017-Ohio-8930.

{¶ 3} Harding filed a pro se motion asking the Ohio Supreme Court for a delayed appeal, which was denied. *State v. Harding*, 152 Ohio St.3d 1440, 2018-Ohio-1600. Harding then filed a petition for postconviction relief with the trial court alleging *Brady* violations, prosecutorial misconduct, and ineffective assistance of counsel. The trial court denied Harding's motion without a hearing and without granting leave for Harding to perform discovery. Harding now appeals the trial court's decision, raising two assignments of error that challenge the trial court's denial of his petition for postconviction relief. We will address Harding's assignments of error together for ease of discussion.

{¶ 4} Initial petitions for postconviction relief are governed by R.C. 2953.21, which provides three methods for adjudicating the petition. *State v. Chamberlain*, 12th Dist. Brown No. CA2015-03-008, 2015-Ohio-2987, ¶ 5. When a criminal defendant challenges his conviction through a postconviction relief petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing, (2) grant summary judgment on the petition to either party who moved for summary judgment, or (3) hold an evidentiary hearing on the issues raised by the petition. R.C. 2953.21(D) thru (F).

{¶ 5} An evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief. *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10. Rather, as noted by the Ohio Supreme Court, "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files,

- 2 -

and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus.

{¶ 6} A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing will not be reversed absent an abuse of discretion. *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11. The term "abuse of discretion" implies that the court's decision is unreasonable, arbitrary or unconscionable. *State v. West*, 12th Dist. Butler No. CA2018-09-183, 2019-Ohio-4826.

{¶ 7} The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20. Res judicata bars a petitioner from "re-packaging" evidence or issues that were or could have been raised in trial or direct appeal. *Id.*

{¶ 8} The presentation of competent, relevant, and material evidence outside the trial record may defeat the application of res judicata. *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 16. Where a petitioner argues ineffective assistance of counsel in his or her postconviction relief motion, the petitioner can avoid the bar of res judicata by submitting evidence outside the record on appeal that demonstrates that the petitioner could not have raised the claim based on information in the original record. *Id.*

{¶ 9} After reviewing the record, we find that Harding's postconviction relief claims were barred by res judicata and that he did not support his petition with competent, relevant, and material evidence outside the record on appeal. Harding's claims raised in his petition could have been or were raised and addressed by this court in his direct appeal.

Accordingly, those claims are barred by res judicata and Harding was precluded from re-litigating those claims in the context of his petition for postconviction relief.

{¶ 10} Specifically, Harding argued in his petition for postconviction relief that his rights were violated when (1) the state used altered dashcam video of the traffic stop during his trial, (2) the state withheld payment to a forensic expert so that the expert did not provide a report in time for trial, and (3) he received ineffective assistance of counsel based on pre-trial and trial matters. However, each of these issues either were or could have been raised in Harding's direct appeal.

{¶ 11} Within Harding's direct appeal, this court addressed the dashcam video issue, and also determined that Harding was not denied effective assistance of counsel. Harding argued issues related to the dashcam video multiple times before the trial and during it. The dashcam video issue in no way constituted newly discovered evidence or provided Harding with an issue that was not or could not have been argued on direct appeal. Harding has argued the dashcam video to the trial court and this court, and has simply "re-packaged" those arguments by virtue of his petition for postconviction relief.

{¶ 12} Harding did not challenge or assert during his appeal that the state did not pay for a forensic expert related to the dashcam video, but he could have. The state's alleged failure to pay does not constitute newly discovered evidence where the state's failure to pay, if such did occur, happened at the time of trial and was known to Harding at the time of his direct appeal. The information and the fact that he was not provided a final report from the expert was obviously known to Harding, as his trial occurred without such report being made. Thus, he cannot claim now that he was unable to argue the issue within his direct appeal.

{¶ 13} Throughout the pendency of the proceedings against Harding, he has claimed that the drugs found in his car belonged to his passenger, Craig Voight, and that he was

unaware of the drugs and criminal tools in his car. Harding and his girlfriend testified at trial in support of his contention that the drugs were not his. Harding's trial strategy was to place blame solely upon Voight. However, the jury did not find Harding's contentions credible. Even so, Harding argued once more in his petition for postconviction relief that Voight was responsible for the drugs, and that Voight had taken responsibility for the drugs since the time of trial.

{¶ 14} Harding asserted to the trial court that Voight's statement of responsibility constituted "new evidence," which required granting his petition for postconviction relief. However, Harding did not present new evidence because Harding knew of Voight at the time of the trial and argued to the jury that the drugs belonged to Voight exclusively. Harding could have called Voight as a witness, but chose not to do so. Harding could have discovered Voight's statements accepting responsibility for the drugs before or during Harding's trial, and they do not constitute newly discovered evidence.

{¶ 15} After reviewing the record, we find that Harding has failed to demonstrate sufficient operative facts to establish substantive grounds for relief. As such, the trial court did not abuse its discretion by summarily denying Harding's petition for postconviction relief without first holding a hearing or permitting discovery. Harding's two assignments of error are, therefore, overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.