[Cite as *State v. Combs*, 2024-Ohio-1838.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-11-078 |
| | : | O P I N I O N |
| - vs - | | 5/13/2024 |
| | : | |
| DONALD W. COMBS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM  CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2020 CR 0223; 2020 CR 1075


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Kevin Porter and Kenneth Egbert, Assistant Prosecuting Attorneys, for appellee.

Donald W. Combs, pro se.


**S. POWELL, P.J.**

{¶ 1}  Appellant, Donald Combs, appeals the entry of the Clermont County Court of Common Pleas denying his petition for postconviction relief.  For the reasons discussed below, we affirm the decision of the trial court.

## I. Factual and Procedural Background

{¶ 2} For several years, Combs solicited jobs to collect solid waste from various homes and businesses. Instead of properly disposing of the refuse, Combs proceeded to dump thousands of pounds of solid waste at both his commercial property and his home, effectively transforming them into unlicensed landfills. Combs stacked piles of waste over 20 feet high, posing substantial risk to the environment and to human health.

{¶ 3} In March 2020, Combs was indicted on twelve counts in Case No. 2020-CR-0223: (1) illegal open burning, in violation of R.C 3734.03; (2) illegally causing or allowing air pollution, in violation of R.C. 3704.05(G); (3) illegal open dumping of solid wastes, in violation of R.C. 3734.03; (4) illegal operation of a solid waste facility without a license, in violation of R.C. 3734.11(A); (5) illegal operation of a construction and demolition debris facility without a license, in violation of R.C. 3734.11(A); (6) illegal outside storage of scrap tires, in violation of R.C. 3734.11(A); (7) illegal open dumping of solid wastes, in violation of R.C. 3734.03; (8) illegal open dumping of solid wastes, in violation of R.C. 3734.03; (9) illegal operation of a solid waste facility without a license, in violation of R.C. 3734.11(A); (10) illegal operation of a construction and demolition debris facility without a license, in violation of R.C. 3734.11(A); (11) illegal outside storage of scrap tires, in violation of R.C. 3734.11(A); and (12) illegal open dumping of scrap tires, in violation of R.C. 3734.03.

{¶ 4} In December 2020, Combs was indicted on an additional five counts in Case No. 2020-CR-1075: two counts of illegal open dumping of solid wastes, in violation of R.C. 3734.03; two counts of violation of director's orders, in violation of R.C. 3734.11(A); and one count of illegal operation of a solid waste facility without a license, in violation of R.C. 3734.11(A) and 3734.05(A).

{¶ 5} On April 19, 2021, Combs pled guilty to counts 1, 3, 4, 7, 8, and 9 in 2020-CR-0223; and guilty to both counts of violation of director's orders in 2020-CR-1075, with

the state dismissing all other counts. On July 6, 2021, Combs was sentenced to an aggregate total of 4 years in prison for his convictions. Combs did not file a direct appeal.

**{¶ 6}** More than two years later, on July 12, 2023, Combs filed a motion to dismiss the indictment, claiming he was a victim of malicious prosecution and that the state withheld essential evidence. The trial court recast the motion as a petition for postconviction relief pursuant to R.C. 2953.21. On October 18, 2023, the trial court denied the petition without an evidentiary hearing, finding that there were no substantial grounds for granting relief. On November 17, 2023, Combs appealed.

## II. Legal Analysis

**{¶ 7}** On appeal, Combs raises four assignments of error for our review. For ease of discussion, we address them together.

**{¶ 8}** Assignment of Error No.1:

THE STATE WITHHELD THE EPA'S EXPERT, AARON SHEAR'S, TESTIMONY AND THE BEST MANAGEMENT PRACTICES FOR C&DD RECYCLING FACILITIES GUIDANCE DOCUMENT FROM THE COURT AND COMBS THAT WOULD HAVE SHOWN COMBS WAS/IS IN COMPLIANCE WITH THE EPA'S AND THE STATE'S RULES, REGULATIONS AND STATUTES. THIS FRAUD UPON THE COURT WAS A BRADY VIOLATION. THIS ALLOWS FOR DISMISSAL OF THE· INDICTMENT FOR FRAUD UPON THE COURT AND/OR PROCURED BY FRAUD.

**{¶ 9}** Assignment of Error No.2:

THE STATE OBTAINED THE INDICTMENT FOR COMBS BY FRAUD. AARON SHEAR WAS AT THE GRAND JURY HEARING AND HAD TO LIE OR WITHHOLD HIS TESTIMONY AND HIS GUIDANCE DOCUMENT FROM THE COURT AND COMBS BECAUSE THE GUIDANCE DOCUMENT DEMONSTRATES THAT COMBS ACTIVITIES ON HIS SITES WERE IN COMPLIANCE WITH THE EPA'S RULES, REGULATIONS, AND STATUTES AND THEREFORE THE STATE, COUNTY, AND THE TOWNSHIP'S AS WELL. THIS FRAUD UPON THE COURT WAS A BRADY VIOLATION.

**{¶ 10}** Assignment of Error No. 3:

COMBS WILL DEMONSTRATE HOW UNDERHANDED THE COUNTY, TOWNSHIP AND EPA IS AND HAS BEEN THROUGHOUT THIS WHOLE CASE. COMBS WILL DEMONSTRATE THE COUNTY AND TOWNSHIP HAS ALWAYS WANTED POSSESSION OF COMBS' LAND.

**{¶ 11}** Assignment of Error No.4:

COMBS WILL DEMONSTRATE HOW THE CHARGES IN THE INDICTMENT ARE VOID DUE TO THE STATE WRONGLY ENUMERATING THE OHIO REVISED CODES AGAINST COMBS AND HIS LAND BECAUSE THERE WAS NO PROHIBITED TOXIC OR HAZARDOUS WASTE. COMBS WAS COERCED INTO TAKING A PLEA OF 4 YEARS INSTEAD OF GOING TO TRIAL THAT WOULD HAVE RESULTED IN ACQUITTAL, BY THE PROSECUTION WITHHOLDING THE TESTIMONY OF AARON SHEAR AND HIS GUIDANCE DOCUMENT, THE TESTIMONY OF ROBERT WILDEY, AND THE ANALYTICAL REPORTS CONFIRMING THERE WAS NO TOXIC OR HAZARDOUS WASTE.

**{¶ 12}** In essence, Combs alleges that the State committed a *Brady* violation by withholding (1) the testimony of Ohio Environmental Protection Agency employee Aaron Shear, (2) the Ohio Environmental Protection Agency's Best Management Practices for Construction and Demolition Debris Recycling Facilities Guidance Document, and (3) the testimony of Clermont County Health District employee Robert Wildey. Therefore, Combs argues that the indictments and plea agreement in his criminal cases are void.

**A. Petition for Postconviction Relief Standard of Review.**

**{¶ 13}** A postconviction proceeding is a collateral civil attack on a criminal judgment, not an appeal of a criminal conviction. *State v. Myers*, 12th Dist. Warren No. CA2019-07-074, 2021-Ohio-631, ¶ 15. To prevail on a PCR petition, the petitioner must establish a violation of his constitutional rights that renders the judgment of conviction void or voidable. R.C. 2953.21.

- 4 -

{¶ 14} Initial petitions for postconviction relief are governed by R.C. 2953.21, which provides three methods for adjudicating the petition. *State v. Harding*, 12th Dist. Madison No. CA2019-05-012, 2020-Ohio-1067, ¶ 4. When a criminal defendant challenges his conviction through a PCR petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing, (2) grant summary judgment on the petition to either party who moved for summary judgment, or (3) hold an evidentiary hearing on the issues raised by the petition. R.C. 2953.21(D) through (F).

{¶ 15} An evidentiary hearing is not automatically guaranteed each time a defendant files a PCR petition. *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10. "A trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, paragraph two of the syllabus.

{¶ 16} In determining whether a PCR petition alleges substantive grounds for relief, the trial court must consider the entirety of the record from the trial proceedings as well as any evidence filed by the parties in postconviction proceedings and evaluate the petition in the context of the entire record in the case. *State v. Barron*, 12th Dist. Warren No. CA2022-09-059, 2023-Ohio-1249, ¶ 11; R.C. 2953.21(D). If the record on its face demonstrates that the petitioner is not entitled to relief, then the trial court must dismiss the petition. R.C. 2953.21(D) and (E). If the record does not on its face disprove the petitioner's claim, then the court is required to "proceed to a prompt hearing on the issues." R.C. 2953.21(F).

{¶ 17} A trial court's decision to summarily deny a PCR petition without holding an evidentiary hearing will not be reversed absent an abuse of discretion. *Harding*, 2020-

Ohio-1067 at ¶ 6. The term "abuse of discretion" implies that the court's decision is unreasonable, arbitrary, or unconscionable. *Id.*

### B. Untimeliness of Combs' PCR Petition

{¶ 18} We find that the trial court did not err in summarily dismissing Combs' PCR petition, as it was untimely filed and none of the statutory exceptions apply. Pursuant to R.C. 2953.21(A)(2) a PCR must be filed

> [N]o later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

Combs' sentencing entry was journalized on July 9, 2021 and he did not take a direct appeal. Therefore, for Combs' PCR to be timely, it would have had to have been filed no later than August 8, 2022. Combs did not file his "motion for dismissal of the indictment" until July 12, 2023, more than 11 months after expiration of the PCR timely filing deadline.

{¶ 19} Pursuant to R.C. 2953.23(A), "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)(2)]" unless one of the exceptions of R.C. 2953.23(A)(1) or (2) applies. R.C. 2953.23(A)(1) permits consideration of an untimely PCR when "the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief [and] * * * shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶ 20} Combs argues he was unavoidably prevented from discovering the facts upon which he must rely for relief due to *Brady* violations committed by the state. Specifically, Combs contends that the state suppressed the testimony of Aaron Shear,

- 6 -

OEPA's Best Management Practices for Construction and Demolition Debris Recycling Facilities Guidance Document, and the testimony of Robert Wildey.

{¶ 21} "There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Barron*, 2023-Ohio-1249, ¶ 43, quoting *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). Here, the state did not commit any *Brady* violations because the state did not suppress any of the evidence proposed by Combs, nor is the evidence proposed by Combs exculpatory.

{¶ 22} The state had no occasion to suppress Shear's testimony because Combs pled guilty to the charges and there was no trial. Nonetheless, Combs was obviously aware of Shear's involvement in the case as he notes in his brief that he saw Shear present for the grand jury proceedings and spoke with him concerning his presence. Still, Combs chose to enter into a plea agreement rather than pursue trial where he might have called Shear as a witness.

{¶ 23} Shear is the author of OEPA's Best Management Practices for Construction and Demolition Debris Recycling Facilities Guidance Document. That document was authored in November 2015 and is publicly available. Combs does not explain why he was "unavoidably prevented" from discovering this publicly available document in time to file a timely PCR. As this court has previously explained, "*Brady* does not apply when the information is available from another source, such as by looking at public records." *Barron*, 2023-Ohio-1249, ¶ 45.

{¶ 24} Even so, the OEPA's Best Management Practices for Construction and Demolition Debris Recycling Facilities Guidance Document is not relevant to the offenses to which Combs pled guilty. The document applies to recycling facilities, whereas Combs

pled to offenses involving open burning and dumping of solid wastes and operating an unlicensed solid waste facility. Further, the document is not law and does not exculpate Combs. While it references some legal definitions, it is primarily advice to the operators of construction and demolition debris recycling facilities on how to conduct business in a safe and efficient manner.

{¶ 25} Finally, Robert Wildey's email was not suppressed and was not exculpatory. Wildey wrote an email in 2023 in which he states that "To my knowledge, Clermont County Public Health has no reports showing, and has not found, toxic or hazardous waste among the comingled Construction and Demolition Debris and Solid Waste disposed of at [Combs' properties]." Wildey's email was not suppressed as it was written over one year after Combs was sentenced. Furthermore, the e-mail is not exculpatory. Combs was not charged with any offenses that included an element of toxic or hazardous waste, therefore, whether toxic or hazardous waste was present on Combs' properties is irrelevant. Toxic waste is not even defined in the Revised Code. Again, Combs pled guilty to offenses charging him with open dumping and burning of "solid waste" and operating an unlicensed solid waste facility. "Solid waste" is a different class of waste than "hazardous waste" and each is defined in R.C. 3734.01.

{¶ 26} Combs was not unavoidably prevented from discovering the evidence that he purports to rely on for the claims in his PCR petition, therefore his petition was untimely filed.

### III. Conclusion

{¶ 27} In light of the foregoing, we conclude that the trial court did not err in summarily denying Combs' petition for postconviction relief as it was untimely filed and contained no substantial grounds for relief. The state did not suppress exculpatory evidence in Combs' cases. Each of Combs' four assignments of error are overruled.

{¶ 28} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.