[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 301.]

THE STATE EX REL. FULLER, APPELLANT, *v.* SUTULA, JUDGE, APPELLEE.

[Cite as *State ex rel. Fuller v. Sutula*, 1999-Ohio-164.]

*Mandamus to compel common pleas court judge to issue findings of fact and conclusions of law on denial of relator's successive petition for postconviction relief—Writ denied, when.*

(No. 99-424—Submitted June 22, 1999—Decided September 1, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75514.

———————————

{¶ 1} In 1986, appellant, Johnny Ray Fuller, was convicted of murder and a gun specification and was sentenced to prison. In 1990, the Cuyahoga County Court of Common Pleas denied Fuller's initial petition for postconviction relief and issued findings of fact and conclusions of law. The court of appeals subsequently affirmed the denial of postconviction relief. *State v. Fuller* (Aug. 6, 1992), Cuyahoga App. No. 60915, unreported, 1992 WL 189553, discretionary appeal not allowed (1992), 65 Ohio St.3d 1475, 604 N.E.2d 167.

{¶ 2} After appellee, Cuyahoga County Court of Common Pleas Judge Kathleen A. Sutula, denied Fuller's second petition for postconviction relief filed in 1997, Fuller filed a complaint in the Court of Appeals for Cuyahoga County in 1998 for a writ of mandamus to compel her to issue findings of fact and conclusions of law. The court of appeals denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Johnny Ray Fuller*, pro se.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Randi Marie Ostry*, Assistant Prosecuting Attorney, for appellee.

———————————

*Per Curiam.*

{¶ 4} We affirm the judgment of the court of appeals. Judge Sutula had no duty to issue findings of fact and conclusions of law on Fuller's second petition for postconviction relief. *State ex rel. Carroll v. Corrigan* (1999), 84 Ohio St.3d 529, 530, 705 N.E.2d 1226, 1227.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____