[Cite as *State v. Clayton*, 2018-Ohio-1777.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2017-11-162 |
| Plaintiff-Appellee, | : | O P I N I O N<br>5/7/2018 |
| | : | |
| -vs- | : | |
| | : | |
| GREGORY CLAYTON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 14CR29857

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Gregory Clayton, #A731925, Madison Correctional Institution, 1851 State Route 56, London, Ohio 43140, defendant-appellant, pro se

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Gregory Clayton, appeals a decision of the Warren County Court of Common Pleas dismissing his petition for postconviction relief without holding an evidentiary hearing.

{¶ 2} Appellant was indicted in 2014 for trafficking in marijuana, possession of marijuana, and permitting drug abuse. The indictment stemmed from the discovery of

approximately 400 pounds of marijuana following the search of a Chrysler Pacifica driven by appellant. The search warrant authorizing the search of the vehicle was signed by Warren County Common Pleas Judge Robert Peeler. Appellant and his co-defendant, Jason Raphael, moved to suppress the evidence found from the search of the vehicle and their persons along with the statements both made to the police. Following an evidentiary hearing, the trial court suppressed the evidence seized as a result of the search of the Pacifica and evidence obtained from appellant. On August 10, 2015, we reversed the trial court's decision and remanded the matter to the trial court for further proceedings. *State v. Raphael*, 12th Dist. Warren Nos. CA2014-11-138 and CA2014-11-139, 2015-Ohio-3179.[1]

{¶ 3} On remand, appellant and Raphael were tried jointly in a bench trial. Detective Dan Schweitzer, the detective who drafted the affidavit for the search warrant, testified on behalf of the state. On January 13, 2017, the trial court found appellant guilty of marijuana possession and permitting drug abuse, but not guilty of trafficking in marijuana, and sentenced him to a mandatory eight years in prison. Appellant appealed his conviction.

{¶ 4} On August 23, 2017, while his appeal was pending in this court, appellant filed a petition for postconviction relief ("PCR") under R.C. 2953.21 and requested an evidentiary hearing. Appellant alleged that Judge Peeler's signature on the search warrant was forged and that Detective Schweitzer "or a colleague" had forged it. The petition was accompanied by four documents attached as exhibits, namely, a commitment order from an unrelated case purporting to bear the actual signature of Judge Peeler, the search warrant for the Pacifica and the search warrant return, and the August 14, 2017 unsigned, non-notarized statement of a deputy clerk asserting that "there are no search warrants. Judge Peeler did

---

1. Appellant subsequently sought a discretionary appeal to the Ohio Supreme Court. The supreme court ultimately dismissed the appeal for failure to prosecute. *State v. Raphael*, 145 Ohio St.3d 1431, 2016-Ohio-1328. The supreme court subsequently denied appellant's motion for reconsideration and his pro se motion for relief and pro se application for reopening the appeal. *State v. Raphael*, 145 Ohio St.3d 1473, 2016-Ohio-3028; and *State v. Raphael*, 147 Ohio St.3d 1457, 2016-Ohio-8121.

NOT sign any documents in feb 2014 on this case." The state moved to dismiss appellant's PCR petition.

{¶ 5} On September 18, 2017, appellant filed an amended PCR petition. The state moved for summary judgment. Attached to the state's motion was an affidavit from Warren County Clerk of Courts Jean Kilgore explaining her August 14, 2017 statement and stating that while the search warrant return for the Pacifica was signed by Warren County Common Pleas Judge Donald Oda, the search warrant itself was signed by Judge Peeler. Subsequently, appellant moved for summary judgment. Appellant attached a signed and notarized "affidavit of verity" to his motion, swearing that the allegations he had made were "both true and correct to the best of [his] knowledge and personal belief."

{¶ 6} On November 3, 2017, the trial court dismissed appellant's PCR petition without a hearing. The trial court found that because appellant did not raise the issue of the forged signature in his motion to suppress, he had waived his right to raise the issue in his PCR petition. Moreover, the trial court found that even if the issue was not waived, appellant "ha[d] not set forth sufficient operative facts in his petition, the supporting affidavits, the documentary evidence, the files, and the record filed herein to establish substantive grounds for relief." The trial court further found that Judge Peeler's signature on the search warrant was "an authentic signature, signed by him in the presence of Det. Schweitzer," and that irrespective of the issuance of the search warrant, the law enforcement officers had probable cause to search the Pacifica as set forth in this court's opinion reversing the grant of appellant's motion to suppress. *See Raphael*, 2015-Ohio-3179. On November 13, 2017, we upheld appellant's conviction. *State v. Clayton*, 12th Dist. Warren No. CA2017-01-009, 2017-Ohio-8538.

{¶ 7} Appellant now appeals the dismissal of his PCR petition, raising two assignments of error. The assignments of error will be addressed together.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS IN GRANTING THE STATE A SUMMARY JUDGMENT.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN VIOLATION OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW IN NOT ORDERING AND CONDUCTING AN EVIDENTIARY HEARING AND MAKING AND FILING FINDINGS OF FACT WITH CONCLUSIONS OF LAW RELATIVE THERETO.

{¶ 12} Appellant generally argues that the trial court erred in dismissing his PCR petition without a hearing because the petition "stated substantive grounds for relief" and was supported by "sufficient documents which served as operative facts." In his first assignment of error, appellant further argues that res judicata cannot be applied to bar his forgery claim because the claim is supported by evidence outside the record. In his second assignment of error, appellant challenges the trial court's factual finding that Judge Peeler's signature on the search warrant is "authentic." Appellant asserts that given that "both [he] and the deputy clerk of court averred that the signature on the search warrant wasn't authentic," the trial court's contrary finding was solely based upon its own personal opinion and was therefore prejudicial error.

{¶ 13} Initial PCR petitions are governed by R.C. 2953.21, which provides three methods for adjudicating the petition. *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 12. When a criminal defendant challenges his conviction through a PCR petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing, (2) grant summary judgment on the petition to either party who moved for summary judgment, or (3) hold an evidentiary hearing on the issues raised by the

petition. R.C. 2953.21(D) thru (F). A trial court's decision to summarily deny a PCR petition without holding an evidentiary hearing pursuant to R.C. 2953.21(D) will not be reversed absent an abuse of discretion. *Statzer* at ¶ 14.

{¶ 14} "An evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief." *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10. In order to obtain an evidentiary hearing on a PCR petition, the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. *State v. Watson*, 126 Ohio App.3d 316, 324 (12th Dist.1998); *State v. Jackson*, 64 Ohio St. 2d 107, 110 (1980). A PCR petition may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St. 2d 175, 180 (1967).

{¶ 15} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *Id.* at paragraph nine of the syllabus.

{¶ 16} The presentation of competent, relevant, and material evidence outside the trial record may, but does not automatically, defeat the application of res judicata. *Statzer*, 2018-Ohio-363 at ¶ 16. To so qualify, the evidence outside the record must demonstrate that appellant could not have raised the claim based upon information in the original trial record. *Id.* Thus, the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal. *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995). Further, evidence presented outside the record must meet some

threshold standard of cogency. *Statzer* at ¶ 16. Thus, if the evidence outside the record is "marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery," res judicata still applies to the claim. *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 22.

{¶ 17} We find that appellant's PCR petition is barred by res judicata and that appellant did not support his petition with competent, relevant, and material evidence outside the record.

{¶ 18} To survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must show that he could not have appealed the claim based upon information contained in the original record. *State v. King*, 5th Dist. Muskingum No. CT2006-0021, 2007-Ohio-2810, ¶ 19. In his PCR petition, appellant claims that "Detective Schweitzer or a colleague" forged Judge Peeler's signature on the search warrant. The propriety of the search warrant signed by Judge Peeler was at issue during the hearing on appellant's motion to suppress evidence. Exhibits used during the suppression hearing included the detective's search warrant affidavit and the search warrant itself, both signed by Judge Peeler. Detective Schweitzer was examined extensively with regard to the execution of the search warrant. Yet, appellant did not specifically raise the forgery issue in his motion to suppress or during the suppression hearing. Likewise, appellant could have raised the forgery issue at trial or on direct appeal of his conviction. Appellant did not submit any evidence with his petition demonstrating why the forgery claim could not have been raised at trial or on direct appeal. Accordingly, res judicata bars him from raising the issue in his PCR petition. *See id.*; *Watson*, 126 Ohio App.3d 316.

{¶ 19} Appellant nevertheless asserts that the evidence outside the record he submitted with his petition defeats the application of res judicata. However, the documents

submitted with appellant's petition were either already in existence at the time of trial or are not competent, relevant, and material evidence. The search warrant (Exhibit 2) clearly existed and was available for use at the time of trial. Exhibit 1, a commitment order from an unrelated case and filed several years after the search warrant at issue was filed, is not genuinely relevant, does not establish that Detective Schweitzer or someone else forged Judge Peeler's signature on the search warrant, and does not advance appellant's claim beyond mere hypothesis.

{¶ 20} Exhibit 3, the clerk of courts' August 2017 unsigned statement that "there are no search warrants. Judge Peeler did NOT sign any documents in feb. 2014 on this case," is likewise not genuinely relevant. The exhibit is inconsistent with the record and appellant's own attachments which show that a search warrant was filed in this case. Moreover, the exhibit does not establish that Judge Peeler's signature was forged. The exhibit is further contradicted by the clerk's subsequent October 3, 2017 affidavit which was attached as an exhibit to the state's motion for summary judgment. The clerk's affidavit plainly states that the search warrant for the Pacifica was signed by Judge Peeler. Finally, appellant's "affidavit of verity" which he attached to his motion for summary judgment is self-serving and not entitled to much weight.

{¶ 21} Accordingly, because appellant's attachments are not genuinely relevant and did not advance appellant's claim of forgery beyond mere hypothesis, we find appellant did not overcome the bar of res judicata.

{¶ 22} Appellant further challenges the trial court's factual finding that Judge Peeler's signature on the search warrant was "authentic," arguing that the finding is solely based upon the trial court's personal opinion, and not the record, and is therefore prejudicial error.

{¶ 23} R.C. 2953.21(D) explicitly requires a trial court to make findings of fact and conclusions of law when dismissing a PCR petition without a hearing. "Findings of fact and

conclusions of law should be clear, specific and complete." *State v. Clemmons*, 58 Ohio App.3d 45, 46 (2d Dist.1989). The test of their adequacy is whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence. *Id.*; *Lindsey*, 2003-Ohio-811 at ¶ 18.

{¶ 24} We find that record evidence supports the trial court's factual finding that Judge Peeler's signature was authentic. During the suppression hearing, Detective Schweitzer testified, under oath, as to the circumstances surrounding the signing and execution of the search warrant, including the fact that the search warrant was signed by Judge Peeler in his home in the presence of the detective. The trial court expressly based the challenged factual finding on Detective Schweitzer's testimony at the suppression hearing. Appellant did not challenge the detective's testimony during the suppression hearing, at trial, or on direct appeal. Moreover, appellant has never provided any evidence disputing Detective Schweitzer's sworn testimony. Upon review, we further find that the trial court's findings of fact and conclusions of law in support of the court's dismissal of appellant's petition are clear, specific, and complete, and adequately apprise both appellant and this court of its reasoning in dismissing appellant's petition in compliance with R.C. 2953.21(D). *See Lawson*, 103 Ohio App.3d 307.

{¶ 25} In light of the foregoing, we find the trial court did not abuse its discretion in dismissing appellant's PCR petition without a hearing. Appellant's first and second assignments of error are overruled.

{¶ 26} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.