[Cite as *State v. Harding*, 2022-Ohio-3595.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-10-018 |
| Appellee, | : | O P I N I O N<br>10/11/2022 |
| | : | |
| - vs - | : | |
| | : | |
| KELLY L. HARDING, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2016-0016

Nick Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Kelly L. Harding, pro se.

**M. POWELL, P.J.**

{¶ 1}  Appellant, Kelly Harding, appeals a decision of the Madison County Court of Common Pleas denying his second petition for postconviction relief.

{¶ 2}  In January 2016, Craig Voigt asked appellant to drive him to New York and appellant agreed. Appellant met Voigt at his house in a car appellant borrowed from his mother. After leaving the car parked overnight at Voigt's house, the two men began the trip

to New York and eventually drove on Interstate 70.

{¶ 3} Several canine units with the Ohio State Highway Patrol were patrolling the area along Interstate 70 where appellant was driving. A trooper began to follow appellant, and observed him following a semi-truck too closely. The trooper initiated a traffic stop and identified appellant as the driver of the car and Voigt as the passenger. During the traffic stop, troopers walked a canine around the car, and the canine indicated at the rear passenger door of the car. Troopers then discovered 123 pounds of marijuana in the vehicle. The pursuit, traffic stop, and subsequent search of the car were recorded by a dashcam in the arresting officer's cruiser.

{¶ 4} Appellant was indicted for possession of marijuana and criminal tools. He moved to suppress the marijuana, claiming that the search of the vehicle was unconstitutional. The trial court overruled appellant's motion to suppress, and the matter proceeded to a jury trial. In November 2016, the jury returned guilty verdicts on both counts, and appellant was sentenced to an aggregate prison term of eight years. Appellant filed a direct appeal of his conviction, raising four assignments of error. Appellant challenged the denial of his motion to suppress and his sentence. He also argued that his conviction was not supported by the evidence and that he received ineffective assistance of counsel. We affirmed appellant's conviction and sentence on December 11, 2017. *State v. Harding*, 12th Dist. Madison No. CA2016-11-029, 2017-Ohio-8930.

{¶ 5} On December 12, 2017, appellant filed a petition for postconviction relief ("PCR"), raising three grounds for relief. Specifically, appellant argued that (1) the dashcam video of the traffic stop that was presented at the suppression hearing was not the same video that was sent to Primeau Forensics ("Primeau"), appellant's expert, for authentication nor was it the same video used at trial and, as a result, appellant was deprived of backseat telemetry and audio evidence that could have supported his defense; (2) the state

committed *Brady* violations, withheld payment to Primeau so that Primeau's final report was not ready for trial, and never provided appellant with the raw data of the dashcam video prior to trial despite his pro se requests; and (3) his trial, court-appointed attorney was ineffective because he failed to subpoena Voigt, allowed the trial to proceed without Primeau's final report, failed to compare the video used at trial and the suppression hearing with the video sent to Primeau, and failed to investigate backseat telemetry and audio. Appellant claimed that the dashcam video used at trial was altered and tampered with. Appellant attached eight exhibits to his PCR petition.

{¶ 6} The trial court denied appellant's PCR petition without a hearing, finding that his claims for relief were barred under the doctrine of res judicata.[1] Specifically, the trial court found that appellant's claim of ineffective assistance of trial counsel could and should have been raised on direct appeal because the evidence asserted in the PCR petition and attached exhibits "would have reasonably been in his possession such that any argument could have been included" in his direct appeal of his conviction. Likewise, the trial court found that appellant's claims of *Brady* violations and prosecutorial misconduct could and should have been raised on direct appeal because issues regarding "the altered videos were raised early in the process and continuously at the trial court level." In particular, the court noted that initial issues regarding the videos "were raised as early as the March 18, 2016 pretrial," and that issues regarding "gamesmanship and altered videos came up

---

1. Initially, the trial court summarily denied the PCR petition without a hearing on the ground of the doctrine of res judicata. Appellant appealed the denial of his PCR petition. Relying on the Ohio Supreme Court's decision in *State v. Mapson*, 1 Ohio St.3d 217 (1982), we dismissed appellant's appeal on the ground that a judgment entry denying postconviction relief without findings of fact and conclusions of law was not a final appealable order. *State v. Harding*, 12th Dist. Madison No. CA2018-03-008, 2018-Ohio-5051. In 2020, the supreme court overruled *Mapson*, holding that "pursuant to R.C. 2953.23(B), a judgment granting or denying postconviction relief is a final, appealable order. If a trial court errs by failing to issue statutorily required findings of fact and conclusions of law, the petitioner may obtain relief by raising that issue in an appeal from the trial court's judgment." *State ex rel. Penland v. Dinkelacker*, 162 Ohio St.3d 59, 2020-Ohio-3774, ¶ 28. Following this court's dismissal of his PCR appeal, appellant moved the trial court for findings of fact and conclusions of law. On May 6, 2019, the trial court issued a decision addressing appellant's three claims for relief and once again denied his PCR petition on res judicata grounds.

before the Court on September 7, 2016 at a hearing on a Motion to Withdraw by the Defendant's second attorney[.]"

{¶ 7} Appellant appealed the denial of his PCR petition. Appellant asserted that his claims were not barred by res judicata because the claims involved evidence newly discovered after the trial and such evidence was outside the record. We upheld the denial of appellant's PCR petition, finding that appellant's PCR claims were barred by res judicata and that he did not support his petition with competent, relevant, and material evidence outside the record. *State v. Harding*, 12th Dist. Madison No. CA2019-05-012, 2020-Ohio-1067. In affirming, we noted that

> [w]ithin Harding's direct appeal, this court addressed the dashcam video issue, and also determined that Harding was not denied effective assistance of counsel. Harding argued issues related to the dashcam video multiple times before the trial and during it. The dashcam video issue in no way constituted newly discovered evidence or provided Harding with an issue that was not or could not have been argued on direct appeal. Harding has argued the dashcam video to the trial court and this court, and has simply "re-packaged" those arguments by virtue of his petition for postconviction relief.

*Id.* at ¶ 11. We further noted that "[t]he information and the fact that he was not provided a final report from the expert was obviously known to [appellant], as his trial occurred without such report being made." *Id.* at ¶ 12.

{¶ 8} On September 24, 2021, appellant filed a second PCR petition, arguing that his conviction should be vacated because of inexcusable neglect by his trial counsel and fraud upon the trial court pursuant to Civ.R. 60(B)(5). Specifically, appellant argued that (1) the state committed fraud upon the trial court by presenting an altered video at trial in that the video sent to Primeau, which had backseat telemetry and audio, was not the same video presented at trial; (2) trial counsel committed fraud upon the trial court when counsel advised the court on the morning of the trial that he had spoken to Primeau who had

expressed an opinion about the video; and (3) trial counsel's failure to compare the videos and request that Primeau do the same, counsel's refusal to file a motion to continue the trial in order to compare the videos, and counsel's failure to contact Voigt constituted inexcusable neglect. Appellant attached 17 exhibits to his second PCR petition.

{¶ 9} On October 14, 2021, the trial court denied appellant's second PCR petition on the ground of res judicata, finding that appellant "raise[d] no new issues that have not been litigated on appeal or in his first post-conviction relief motion."[2]

{¶ 10} Appellant now appeals, raising two assignments of error that challenge the trial court's denial of his second PCR petition. Specifically, appellant argues that the trial court abused its discretion in denying his second PCR petition regarding his claims of fraud upon the court by counsel and inexcusable neglect because he presented "new evidence outside the record that only became known to him after trial and direct appeal." Appellant does not challenge the trial court's denial of his second PCR petition regarding his claim that the state committed fraud upon the trial court.

{¶ 11} We review a trial court's decision denying a PCR petition under an abuse-of-discretion standard. *State v. McKelton*, 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-3216, ¶ 5.

{¶ 12} A PCR petition is timely if it is filed no later than 365 days after "the date on which the trial transcript is filed in the court of appeals" or 365 days "after the expiration of the time for filing the appeal" if no appeal is taken. R.C. 2953.21(A)(2). When appellant filed his second petition in 2021, the statutory deadline for filing a timely postconviction relief petition had long since passed. Appellant's second petition was, therefore, both untimely

---

2. Ohio law is well-settled that a trial court does not have to issue findings of fact and conclusions of law when denying a second or successive petition for postconviction relief. *State ex rel. Fuller v. Sutula*, 86 Ohio St.3d 301, 302, 1999-Ohio-164; *State v. Mootispaw*, 12th Dist. Fayette No. CA2014-04-006, 2014-Ohio-5316, ¶ 12, fn. 2.

and successive. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 21.

{¶ 13} Pursuant to R.C. 2953.23(A)(1), a court may not entertain an untimely petition or a second or successive petition unless the petitioner initially demonstrates that either he was unavoidably prevented from discovering the facts necessary for the claim for relief, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right. R.C. 2953.23(A)(1)(a); *State v. Lawson*, 12th Dist. Clermont No. CA2013-12-093, 2014-Ohio-3554, ¶ 16. If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact-finder would have found him guilty of the offenses for which he was convicted. R.C. 2953.23(A)(1)(b); *Lawson*.

{¶ 14} Although a petition for postconviction relief permits a person to bring a collateral challenge to the validity of a conviction or sentence in a criminal case, it does not provide a petitioner a second opportunity to litigate a conviction. *State v. Boles*, 12th Dist. Brown No. CA2016-07-014, 2017-Ohio-786, ¶ 19. Accordingly, "a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *Id.*

{¶ 15} Under res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus.

{¶ 16} The presentation of competent, relevant, and material evidence outside the record may, but does not automatically, defeat the application of res judicata. *State v. Clayton*, 12th Dist. Warren No. CA2017-11-162, 2018-Ohio-1777, ¶ 16. To so qualify, the

evidence outside the record must demonstrate that the petitioner could not have raised the claim based upon information in the original trial record. *Id.* Thus, the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal. *Id.* Further, evidence presented outside the record must meet some threshold standard of cogency. *Id.* Thus, if the evidence outside the record is "marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery," res judicata still applies to the claim. *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 22.

{¶ 17} Res judicata applies to any claim that was raised or could have been raised in a prior petition for postconviction relief. *State v. Clemmons*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997, ¶ 25; *State v. Workman*, 3d Dist. Auglaize No. 2-19-09, 2019-Ohio-5379, ¶ 11. Thus, res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions that could have been raised, but were not, in the first postconviction relief petition. *Lawson*, 2014-Ohio-3554 at ¶ 53; *State v. Johnson*, 5th Dist. Guernsey No. 12 CA 19, 2013-Ohio-1398, ¶ 47.

{¶ 18} In his first assignment of error, appellant argues that the trial court abused its discretion in denying his second PCR petition regarding his claim of fraud upon the court by trial counsel. During the trial proceedings, the trial court granted appellant funds to engage Primeau to review the dashcam video the state presented at trial and that appellant argued was altered. Primeau never submitted a final report and the trial occurred without such report. On the morning of the trial, trial counsel advised the trial court that he had spoken to Primeau who had reviewed the video and expressed an opinion about it. In his second PCR petition, appellant argued that trial counsel's foregoing representation constituted fraud upon the court because Primeau had in fact not yet formed an opinion. In support of his claim, appellant submitted Exhibit I, a November 22, 2016 email from Primeau

to appellant's girlfriend, advising her that it had not finalized the report because Primeau had not been paid. In other words, appellant equated the lack of a final report with the lack of an opinion.

{¶ 19} Trial counsel's statement to the trial court that he had spoken with Primeau who had expressed an opinion as to the dashcam video is not inconsistent with Primeau's email to appellant's girlfriend that Primeau would not produce a final report until it was paid. The two are not exclusive of one another. It is entirely feasible that counsel had spoken with Primeau and that Primeau shared with counsel an opinion regarding the video but would not finalize a written report until it was paid.

{¶ 20} Furthermore, appellant argued issues related to the dashcam video multiple times before the trial, during trial, and in his initial PCR petition. Likewise, appellant argued issues regarding the lack of a final report by Primeau in his initial PCR petition. Primeau's email to appellant's girlfriend, written six days after the trial, precedes Exhibit E, an October 2017 affidavit from appellant's girlfriend that appellant submitted with his second PCR petition. In her affidavit, appellant's girlfriend asserts that Primeau's final report was never prepared and that she "personally spoke with [Primeau] via telephone and emails several times." Exhibit E duplicates an exhibit attached to appellant's initial PCR petition. Therefore, Primeau's email is not newly-discovered evidence and appellant was not unavoidably prevented from discovering facts necessary for his fraud-upon-the-court claim for relief. As this issue could have been raised in appellant's initial PCR petition, res judicata bars appellant from raising this issue. *State v. Thomas*, 6th Dist. Wood No. WD-09-025, 2010-Ohio-394, ¶ 22. Res judicata bars a petitioner from "re-packaging" evidence or issues that either were or could have been raised. *State v. Brown*, 12th Dist. Preble No. CA2019-04-006, 2020-Ohio-971, ¶ 50.

{¶ 21} Appellant's first assignment of error is overruled.

{¶ 22} In his second assignment of error, appellant argues that the trial court abused its discretion in denying his second PCR petition regarding his claim of inexcusable neglect by trial counsel.  As pertinent here, appellant's second petition argued that trial counsel's failure to compare the video used at trial with the video sent to Primeau and his failure to ask Primeau to do the same constituted inexcusable neglect.  In support of his claim, appellant submitted Exhibit I, Primeau's email to appellant's girlfriend, Exhibit E, the affidavit of appellant's girlfriend, and Exhibits L through O.  Exhibits L and N are still prints from the video used at trial; Exhibits M and O are still prints from the video sent to Primeau.  Exhibits M and O show that police travelled at 94 m.p.h. to catch up with appellant, and according to appellant, further show that the "state had tampered with the clock."  Appellant asserts that the video sent to Primeau "reveals police misconduct by driving 94 MPH for an alleged following too closely violation."

{¶ 23} Exhibits L through O are not competent, relevant, and material evidence outside the record.  The fact that police travelled at 94 m.p.h. to catch up with appellant so as to endanger motorists on the highway has nothing to do with probable cause to stop appellant.  The issue of whether police were chasing appellant in a reckless manner does not exonerate appellant or render the evidence seized during the search of his vehicle inadmissible.  Moreover, appellant does not identify how the video sent to Primeau would show that police lacked probable cause to stop appellant's car.

{¶ 24} Furthermore, the affidavit of appellant's girlfriend, an exhibit appellant also submitted with his initial PCR petition, plainly states that the girlfriend compared the videos after the trial and identified several differences between the two.  Thus, Exhibits L through O do not contain new evidence that was unavailable or not in existence when appellant filed his initial PCR petition.  Res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions that could have been raised, but were not, in the first

postconviction relief petition. *Lawson*, 2014-Ohio-3554 at ¶ 53.

{¶ 25} As for appellant's inexcusable neglect claim based on trial counsel's failure to compare the videos and ask Primeau to do the same, this is a re-packaging of the ineffective-assistance-of-counsel claim appellant asserted in his initial PCR petition. In addition to the averments above, appellant's girlfriend further stated in her affidavit, "[Primeau] explained to me directly, that [trial counsel] did not request for them to compare" the videos. As appellant submitted his girlfriend's affidavit with his initial PCR petition, and as appellant asserted his trial counsel's failure to compare the videos in his initial petition which the trial court denied and which denial we upheld, this issue is barred by res judicata. *Id.* at ¶ 52; *Workman*, 2019-Ohio-5379 at ¶ 16.

{¶ 26} Appellant's second assignment of error is overruled.

{¶ 27} As appellant failed to demonstrate that one of the exceptions in R.C. 2953.23(A) applies, the trial court lacked jurisdiction to consider the merits of the petition. *Apanovich*, 2018-Ohio-4744 at ¶ 36. After reviewing the record, we find that the trial court did not abuse its discretion in denying appellant's untimely, successive PCR petition pursuant to R.C. 2953.23.

{¶ 28} Judgment affirmed.

PIPER and BYRNE, JJ., concur.