[Cite as *State v. Harding*, 2023-Ohio-753.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-09-019 |
| | : | O P I N I O N |
| - vs - | | 3/13/2023 |
| | : | |
| KELLY L. HARDING, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20160016

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Kelly L. Harding, pro se.

**S. POWELL, P.J.**

{¶ 1} Appellant, Kelly L. Harding, appeals the decision of the Madison County Court of Common Pleas denying his third successive petition for postconviction relief upon finding his claims were once again barred by the doctrine of res judicata. For the reasons outlined below, we affirm the trial court's decision.

**Facts and Procedural History**

**{¶ 2}** On November 17, 2016, the trial court sentenced Harding to serve an aggregate eight-year prison term after a jury found him guilty of one count of second-degree felony possession of drugs and one count of fifth-degree felony possession of criminal tools. The charges arose after a lawful traffic stop was effectuated on the vehicle Harding was driving eastbound on Interstate 70 through Madison County, Ohio, during which troopers with the Ohio State Highway Patrol located 123 pounds of marijuana inside the vehicle. The pursuit, traffic stop, and subsequent search of the vehicle Harding had been driving were all recorded and captured by the arresting trooper's dashboard cruiser camera.

**{¶ 3}** Harding directly appealed his conviction, raising four assignments of error for review. Specifically, Harding challenged the trial court's denial of his motion to suppress and his eight-year prison sentence. Harding also argued that his conviction was not supported by sufficient evidence and that he received ineffective assistance of trial counsel. This court disagreed with each of Harding's claims set forth within his four assignments of error and affirmed Harding's conviction in its entirety. *State v. Harding*, 12th Dist. Madison No. CA2016-11-029, 2017-Ohio-8930. The Ohio Supreme Court thereafter denied Harding's motion for leave to file a delayed appeal. *State v. Harding*, 152 Ohio St.3d 1440, 2018-Ohio-1600.

**{¶ 4}** On December 12, 2017, Harding filed his first petition for postconviction relief. To support his first petition, Harding argued the video recording of the traffic stop presented at both the suppression hearing and at trial was not the same video that was sent to his expert, Primeau Forensics, for authentication, thereby depriving him of backseat telemetry and audio evidence that could have supported his defense. Harding also argued the state committed *Brady* violations, withheld payment to Primeau so that Primeau's final report was not ready for trial, and never provided Harding with the raw data of the video recording

despite his pro se requests.[1] Harding further argued his trial counsel was ineffective for not subpoenaing a certain witness, for allowing the trial to proceed without Primeau's final report, for failing to compare the video recording of the traffic stop presented at the suppression hearing and at trial with the video sent to Primeau, and for failing to investigate backseat telemetry and audio evidence.

{¶ 5} On May 6, 2019, the trial court issued a decision denying Harding's first postconviction relief petition on the basis of res judicata.[2] In so doing, the trial court found Harding's ineffective assistance of counsel claims could have been raised on direct appeal because the evidence and exhibits Harding used to support his position "would have reasonably been in his possession such that any argument could have been included" in his direct appeal. The trial court also found Harding's claims that the video recording of the traffic stop captured by the arresting trooper's dashboard cruiser camera had been altered or tampered with could have likewise been raised on direct appeal because issues regarding the allegedly altered video was "raised early in the process and continuously at the trial court level." This included a pretrial hearing held in the spring of 2016 shortly after Harding was indicted, as well as at another pretrial hearing held several months later in the fall of that same year.

{¶ 6} Harding appealed the trial court's decision denying his initial petition for

---

1. The term *Brady* refers to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), a case in which the United States Supreme Court held that prosecutors have a duty to disclose potentially exculpatory evidence to criminal defendants.

2. We note that, initially, the trial court summarily denied Harding's petition without a hearing and without issuing findings of fact and conclusions of law. Harding then appealed and we dismissed the appeal pursuant to the Ohio Supreme Court's decision in *State v. Mapson*, 1 Ohio St.3d 217 (1982), which held that a judgment entry denying postconviction relief without findings of fact and conclusions of law was not a final appealable order. *State v. Harding*, 12th Dist. Madison No. CA2018-03-008, 2018-Ohio-5051. The Ohio Supreme Court subsequently overruled *Mapson* upon finding that, "pursuant to R.C. 2953.23(B), a judgment granting or denying postconviction relief is a final, appealable order. If a trial court errs by failing to issue statutorily required findings of fact and conclusions of law, the petitioner may obtain relief by raising that issue in an appeal from the trial court's judgment." *State ex rel. Penland v. Dinkelacker*, 162 Ohio St.3d 59, 2020-Ohio-3774, ¶ 28.

postconviction relief. In support of his appeal, Harding argued the trial court erred by finding his claims were barred by res judicata because they involved newly discovered evidence that was outside the record. This court disagreed and upheld the trial court's decision in full. *State v. Harding*, 12th Dist. Madison No. CA2019-05-012, 2020-Ohio-1067. In so holding, this court noted that:

> [w]ithin Harding's direct appeal, this court addressed the dashcam video issue, and also determined that Harding was not denied effective assistance of counsel. Harding argued issues related to the dashcam video multiple times before the trial and during it. The dashcam video issue in no way constituted newly discovered evidence or provided Harding with an issue that was not or could not have been argued on direct appeal. Harding has argued the dashcam video to the trial court and this court, and has simply "re-packaged" those arguments by virtue of his petition for postconviction relief.

*Id.* at ¶ 11. This court further noted that "[t]he information and the fact that he was not provided a final report from the expert was obviously known to Harding, as his trial occurred without such report being made." *Id.* at ¶ 12.

{¶ 7} On September 24, 2021, Harding filed his second petition for postconviction relief. To support his second petition, Harding argued his conviction should be vacated in accordance with Civ.R. 60(B)(5) because his trial counsel engaged in inexcusable neglect and because both his trial counsel and the state had committed fraud upon the court. More specifically, Harding argued the state acted fraudulently by presenting an altered video recording of the traffic stop at trial because the video that was sent to Primeau, which had backseat telemetry and audio, was not the same video that was presented at trial. Harding also argued his trial counsel acted fraudulently when his counsel advised the trial court on the morning of the trial that counsel had spoken to Primeau and that Primeau had expressed an opinion about the video recording. Harding further argued that his trial counsel's failure to compare the video recordings and request that Primeau do the same, counsel's refusal

to file a motion to continue the trial to compare the video recordings, and counsel's failure to contact a certain witness, constituted inexcusable neglect.

{¶ 8} On October 14, 2021, the trial court denied Harding's second petition for postconviction relief upon again finding Harding's claims were barred by the doctrine of res judicata. The trial court reached this decision based on its finding Harding had "raise[d] no new issues that have not been litigated on appeal or in his first post-conviction relief motion." Harding appealed that decision and this court affirmed. *State v. Harding*, 12th Dist. Madison No. CA2021-10-018, 2022-Ohio-3595. In so holding, this court stated:

> [Harding] argued issues related to the dashcam video multiple times before the trial, during trial, and in his initial [postconviction relief] petition. Likewise, [Harding] argued issues regarding the lack of a final report by Primeau in his initial [postconviction relief] petition. Primeau's email to appellant's girlfriend, written six days after the trial, precedes Exhibit E, an October 2017 affidavit from [Harding's] girlfriend that appellant submitted with his second [postconviction relief] petition. In her affidavit, [Harding's] girlfriend asserts that Primeau's final report was never prepared and that she "personally spoke with [Primeau] via telephone and emails several times." Exhibit E duplicates an exhibit attached to [Harding's] initial [postconviction relief] petition. Therefore, Primeau's email is not newly-discovered evidence and [Harding] was not unavoidably prevented from discovering facts necessary for his fraud-upon-the-court claim for relief. As this issue could have been raised in [Harding's] initial [postconviction relief] petition, res judicata bars [Harding] from raising this issue. Res judicata bars a petitioner from "re-packaging" evidence or issues that either were or could have been raised.

(Internal citations omitted.) *Id*. at ¶ 20.

{¶ 9} On December 30, 2021, Harding filed his third petition for postconviction relief.[3] To support his third petition, Harding argued the same essential claims that he had advanced previously at trial, on direct appeal, and/or within his first and second petitions for

---

3. Harding filed his third petition for postconviction relief while his appeal from the trial court's denial of his second postconviction relief petition was still pending before this court.

postconviction relief. This includes, most notably, purported issues related to the alleged alteration of the video recording of the traffic stop captured by the arresting trooper's dashboard cruiser camera. Because of this, on August 16, 2022, the trial court issued a decision denying Harding's third petition for postconviction relief upon once again finding Harding's claims were barred by the doctrine of res judicata. In so doing, the trial court noted that each of the issues Harding had raised within his petition had "already been or could have been fully litigated by Mr. Harding while represented by counsel either before the judgment of conviction or on direct appeal from that judgment." The trial court also noted that "the issue of video altering has been litigated in this case from the beginning through multiple attorneys, from [Harding], through appeals, and through multiple post-conviction relief motions." This was in addition to the trial court noting that "[Primeau] was the defense expert in this case notably meaning that the evidence at issue has been in the possession of the defense from the very beginning," and that "[t]he raw data and the video presented at trial has been in the possession of the defense from a time prior to the actual jury trial and well before any appeals were filed in this matter."

**Harding's Appeal and Two Assignments of Error**

{¶ 10} On September 6, 2022, Harding filed a notice of appeal from the trial court's decision denying his third successive petition for postconviction relief on the basis of res judicata. Harding's appeal was submitted to this court for review on February 15, 2023. Harding's appeal now properly before this court for decision, Harding has raised two assignments of error for this court's consideration.

{¶ 11} Assignment of Error No. 1:

{¶ 12} [THE TRIAL COURT'S] DECISION IS ARBITRARY, UNREASONABLE AND UNCONSCIONABLE, WHEN WITHOUT HOLDING AN EVIDENTIARY HEARING, [THE TRIAL COURT] OVERRULED HARDING'S "PETITION TO VACATE OR SET ASIDE

JUDGMENT OF CONVICTION" BASED UPON "FRAUD UPON THE COURT PURSUANT TO [CIV.R.] 60(B)(5) DUE TO INTENTIONAL, FRAUDULENT, NONDISCLOSURE DURING DISCOVERY, NEWLY DISCOVERED EVIDENCE AFTER TRIAL AND DIRECT APPEAL.

{¶ 13} In his first assignment of error, Harding argues the trial court erred by denying his third successive postconviction relief petition upon finding his claims were once again barred on the basis of res judicata. However, because this court has already rejected substantially similar, if not outright identical, claims to those Harding raised within that petition, the trial court did not err by denying Harding's most recent petition for postconviction relief on the basis of res judicata without first holding an evidentiary hearing on the matter. This is because, as is well established, "a petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata." *State v. Ruggles*, 12th Dist. Warren No. CA2021-03-023, 2022-Ohio-1804, ¶ 22, citing *State v. Perry*, 10 Ohio St.2d 175 (1967); *see, e.g., State v. King*, 12th Dist. Butler Nos. CA2013-11-199 and CA2014-06-138, 2014-Ohio-5393, ¶ 34 (trial court did not err in denying appellant's petition for postconviction relief without first holding an evidentiary hearing where appellant's petition was barred by res judicata and otherwise unsupported by the record).

{¶ 14} In this case, just as he has done previously, Harding is doing nothing more than "re-packaging" evidence or issues that he either did raise or could have raised previously. This includes Harding's claims related to the "raw data" taken from the video recording of the traffic stop captured by the arresting trooper's dashboard cruiser camera. This court has already advised Harding that res judicata bars a petitioner from "re-packaging" evidence or issues that either were or could have been raised previously. *See Harding*, 2022-Ohio-3595, at ¶ 20, citing *State v. Brown*, 12th Dist. Preble No. CA2019-04-

006, 2020-Ohio-971, ¶ 50. This court has, in fact, advised Harding of this twice. *See also Harding*, 2020-Ohio-1067, at ¶ 7, citing *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20. Therefore, because the issues Harding raised within his third successive postconviction relief petition are still and always will be barred by res judicata, the trial court did not err by denying Harding's petition without first holding an evidentiary hearing on the matter. Accordingly, finding no error in the trial court's decision, Harding's first assignment of error lacks merit and is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} [THE TRIAL COURT'S] DECISION IS BIASED, ARBITRARY, UNREASONABLE AND UNCONSCIONABLE, WHEN [THE TRIAL COURT] RULED THAT THE COURT HAS DISCRETION TO ALLOW FILINGS BEYOND THE DATE SET BY THE COURT, WHILE OVERLOOKING THE PERTINENT PART OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FILED ON MARCH 4, 2022, NAMELY THAT: THE STATE FILED A BRIEF BUT LEFT THE DATE BLANK. THE STATE'S BRIEF SHALL NOT BE CONSIDERED AS IT WAS FILED WITH AN INCOMPLETE PROOF OF SERVICE. THE STATE'S BRIEF WAS NOT IN ACCORDANCE WITH CIV.R. 5(B)(4).[4]

{¶ 17} In his second assignment of error, Harding argues the trial court erred by accepting the state's memorandum in opposition to his third petition for postconviction relief because the state left the date on its certificate of service blank contrary to the requirements set forth in Crim.R. 49(C).[5] However, although we agree with Harding's claim that the state's

---

4. We note the reference Harding makes within this assignment of error to a motion for summary judgment he filed with the trial court on March 4, 2022. Harding did file such a motion, which the trial court subsequently denied. Harding's notice of appeal, however, expressly states that his appeal is a challenge to just the trial court's August 16, 2022 decision denying his third successive petition for postconviction relief that he filed with the trial court on December 30, 2021. The trial court's decision denying Harding's motion for summary judgment is therefore not currently before this court as Harding did not appeal from that decision.

5. Crim.R. 49(C) is the corresponding criminal rule to Civ.R. 5(B)(4), both of which require the necessary certificate of service to state the date and the manner of service being performed.

certificate of service did not include a date, any error the trial court may have made by accepting the state's filing was harmless given the state's brief two-page memorandum did nothing more than advise the trial court that Harding's arguments were barred by the doctrine of res judicata. The record is clear that the trial court did not rely upon the state's memorandum when reaching that same conclusion. The record instead plainly indicates that the trial court conducted a thorough review of the entire record prior to issuing its decision in this case. This is evidenced by the detail the trial court included within its 12-page decision, as well as the trial court's express statement that, in order to put Harding's arguments into their "proper perspective," it was "necessary to review the history of the case" so that Harding's arguments could be analyzed in the "proper context." Therefore, because Crim.R. 52(A) instructs this court to disregard any error, defect, irregularity, or variance that does not affect substantial rights, Harding's second assignment of error also lacks merit and is overruled.

## Conclusion

{¶ 18} For the reasons outlined above, and finding no merit to any of the arguments raised by Harding herein in support of his two assignments of error, the trial court's decision denying Harding's third successive petition for postconviction relief on the basis of res judicata is affirmed.

{¶ 19} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.